# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA N. OSORIO-RAMOS<br><br>    Plaintiff,<br><br>v.<br><br>COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO; LIZMARIE PÉREZ TORRES, RAFAEL PÉREZ, ABC INSURANCE COMPANIES; DOES I-X and any other joint tortfeasors,<br><br>    Defendants. | Civil No.: 17-1317 (  )<br><br><br>RE: TORT ACTION FOR NEGLIGENCE PURSUANT TO ARTICLES 1802 & 1803, 31 L.P.R.A §§ 5141 & 5142<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**TO THE HONORABLE COURT**:

**APPEARS NOW** the Plaintiff, MARIA N. OSORIO-RAMOS (hereinafter referred to as "Plaintiff" or "Osorio-Ramos"), through the undersigned counsel, and hereby state, allege, and request as follows:

### JURISDICTIONAL BASIS

1. This case is based upon diversity jurisdiction under 28 U.S.C. §1332.

2. Plaintiff is a citizen of and resides in the state of Connecticut.

3. All Defendants are individuals, corporations, business entities, or partnerships who are citizens of Puerto Rico or of a state other than Connecticut.

4. The matter in controversy exceeds the sum of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, thus vesting jurisdiction on this Honorable Court pursuant to 28 U.S.C. § 1332.

5. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391, since the events and acts or omissions giving rise to this claim occurred in this district.

## THE PARTIES

6. Plaintiff **MARIA N. OSORIO-RAMOS** is of legal age, a citizen and resident of the state of Connecticut.

7. Defendant Lizmarie Pérez Torres, is a resident of Puerto Rico and was the driver of the vehicle that impacted the vehicle plaintiff occupied.

8. Defendant Rafael Pérez, is a resident of Puerto Rico and at the time of the accident, was the owner of the SUV, Toyota Highlander 2003 license plate number FGR-732 (hereinafter SUV).

9. Defendant **COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO, (hereinafter "Seguros Multiples")** is a corporation organized and operating under the laws of the Commonwealth of Puerto Rico, which issued an insurance policy insuring Ms. Lizmarie Pérez Torres and the vehicle's owner, Mr. Rafael Pérez, and his automobile for the acts and omissions described herein and/or is liable for the injuries and damages sustained by Plaintiff.

10. Defendants **ABC INSURANCE COMPANIES** are corporations organized or operating under the laws of the Commonwealth of Puerto Rico or of a state other than Connecticut, and authorized to do business in Puerto Rico, which insure one or more co-defendants for the acts and/or omissions described herein and/or are liable for the injuries and damages sustained by Plaintiff.

11. Defendant **DOES I-X** are individuals, corporations, or entities that are citizens of Puerto Rico or a state other than Connecticut, who are unknown and are jointly and severally liable for Plaintiffs' damages.

## GENERAL ALLEGATIONS

12. On March 29, 2016, at approximately 1:30 pm Plaintiff was riding as a passenger in an automobile (KIA- Rio 2003, license plate number FHW-082) (referred hereinafter as the "KIA" that was being driven by José .L. Rodriguez Pantoja.

13. Plaintiff had her seatbelt securely fastened at all times.

14. Plaintiff's KIA was stopped at an intersection, when the SUV, failed to stop and rammed the KIA from behind.

15. Plaintiff MARIA N. OSORIO-RAMOS was sitting as a passenger in the front seat of the KIA when impacted by an SUV driven by Lizmarie Pérez Torres.

16. Defendant Lizmarie Pérez Torres was driving the SUV vehicle, a 2003 Toyota Highlander, license plate number FGR-732, that belonged to her farther Rafael Pérez.

17. The SUV impacted the KIA so severely that it displaced the KIA several feet forward despite being stopped and having the brakes on.

18. MS. OSORIO-RAMOS's face, head, body slammed forward and whiplashed to the back and to the side causing her horrible pain and disorientation and blurred vision.

19. Instantly, MS. OSORIO-RAMOS felt an enormous amount of pain in her right eye, face, head, neck, shoulder, down the right side of her back and down her right leg.

20. The force of the collision was so great that it caused severe impact to her head, neck, shoulder back and right leg.

21. Fortunately the police was close by and intervened shortly after the collision.

22. Upon realizing MS. OSORIO-RAMOS was hurt and in need for immediate medical attention, the police called for an ambulance.

23. MS. OSORIO-RAMOS was in excruciating pain and could not get out of the car on her own, and required the EMTs help to get her out of the vehicle.

24. Ambulance EMT's placed a neck collar to immobilize MS. OSORIO-RAMOS' head and neck and placed her on a stretcher and in the ambulance and took her to the nearest place where she could receive immediate medical attention.

25. MS. OSORIO-RAMOS was taken to the Puerto Nuevo CDT by ambulance, where she was treated.

26. At the CDT, MS. OSORIO-RAMOS was X-rayed and was eventually given

medication for the pain and for muscle spasms and eventually discharged.

27. MS. OSORIO-RAMOS continued treatment while in Puerto Rico for approximately two weeks by an ACAA referred physician and eventually returned to her home in Connecticut.

28. Once in Connecticut, MS. OSORIO-RAMOS continued treatment at Advanced Spinal Care with Dr. Ronald Maringola, and by physiatrist Dr. Paul Pezzino.

29. Upon Plaintiff's return to Connecticut, in addition to the injuries described, she also experienced numbness in arm and hand as well as disorientation.

30. MS. OSORIO-RAMOS still suffers from pain and discomfort which makes sleeping difficult. Plaintiff can no longer use a pillow. Inability to sleep well, leads to plaintiff being constantly fatigued, depressed and limiting her ability to enjoy her life.

31. MS. OSORIO-RAMOS's pain has continued, severely affecting her ability to work and enjoy herself.

32. MS. OSORIO-RAMOS to this day continues to take pain medication for her conditions that have become chronic.

33. MS. OSORIO-RAMOS's life has been dramatically changed for the worse since the accident.

**FIRST CAUSE OF ACTION – COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO**

34. The allegations contained above are incorporated by reference as if again fully

set forth herein.

35. Defendant SEGUROS MULTIPLES was, at the time herein pertinent, organized and doing business as such in Puerto Rico, and issued an insurance policy on behalf of Defendant vehicle owner Rafael Pérez and other joint tortfeasors.

36. Pursuant to 26 P.R. Laws Ann. § 2001, an insurance company is directly liable for the negligence or fault of its insured.

37. Pursuant to 26 P.R. Laws Ann. § 2003, an action against an insurer may be brought separately or may be joined together with an action against its insured.

38. Rafael Pérez was, at all times herein pertinent, the owner of the SUV that caused Plaintiff's injuries.

39. Rafael Pérez was, at all times herein pertinent, insured by Co-Defendant Seguros Multiples for any damages caused while the SUV (2003 Toyota Highlander, license plate FGR-732) was in use.

40. Rafael Pérez is the father of Lizmarie Perez, who authorized his daugther to drive her father's SUV at the moment of the accident.

41. Seguros Multiples, as the insurer of the owner of the SUV (2003 Toyota Highlander, license plate FGR-732) is responsible for damages caused by that vehicle regardless of who is driving it at the time.

42. While driving her father's SUV, Lizmarie Perez, negligently, directly and proximately caused Plaintiff MARIA N. OSORIO-RAMOS's physical injuries and damages.

43. As a direct and proximate result of Rafael Pérez daughter's negligence while driving her father's car, MARIA N. OSORIO-RAMOS sustained physical, emotional, mental, and economic damages.

44. As a result, Defendant SEGUROS MULTIPLES is liable to Plaintiff for the damages caused to her by Rafael Pérez, Lizmarie Pérez or another tortfeasor.

## SECOND CAUSE OF ACTION – RAFAEL PEREZ

45. The allegations contained above are incorporated by reference as if again fully set forth herein.

46. Rafael Pérez was, at all times herein pertinent, the owner of the SUV that caused Plaintiffs' injuries.

47. Rafael Pérez is the father of Lizmarie Perez, who was authorized to drive her father's SUV at the moment of the accident.

48. Rafael Perez, as the owner of the SUV, is responsible for damages caused by that vehicle regardless of who is driving it at the time.

49. While driving her father's car, Lizmarie Perez, negligently, directly and proximately caused Plaintiff MARIA N. OSORIO-RAMOS's physical injuries and damages.

50. As a direct and proximate result of Rafael Pérez daughter's negligence while driving her father's car, MARIA N. OSORIO-RAMOS sustained physical, emotional, mental, and economic damages.

51. As a result, Rafael Pérez is liable to Plaintiff for the damages caused to her by the

SUV, Lizmarie Pérez or another tortfeasor.

### THIRD CAUSE OF ACTION – LIZMARIE PEREZ

52. The allegations contained above are incorporated by reference as if again fully set forth herein Rafael Pérez was, at all times herein pertinent, the owner of the vehicle that caused Plaintiffs' injuries.

53. Lizmarie Perez,was the authorized driver her father's SUV at the moment of the accident.

54. Lizmarie Pérez, while driving her father's car, failed to keep her distance and collided into the KIA in which Maria N. Osorio was a passenger.

55. Lizmarie Pérez was distracted and failed to stop at the intersection where Maria N. Osorio's KIA was stopped at a red light.

56. At the scene, Lizmarie Pérez did not express concern for the harm caused to Maria N. Osorio, but was worried she (Lizmarie) would be late for work.

57. As a direct and proximate result of Lizmarie Pérez' negligence while driving her father's SUV, MARIA N. OSORIO-RAMOS sustained physical, emotional, mental, and economic damages.

### FOURTH CAUSE OF ACTION - ABC INSURANCE COMPANIES

58. The allegations contained above are incorporated by reference as if again fully set forth herein.

59. Defendants ABC Insurance Companies were, at the time herein pertinent, authorized to do business as such in Puerto Rico, and issued an insurance policy

on behalf of Defendants or another tortfeasor.

60. Pursuant to 26 P.R. Laws Ann. § 2001, an insurance company is directly liable for the negligence or fault of its insured.

61. Pursuant to 26 P.R. Laws Ann. § 2003, an action against an insurer may be brought separately or may be joined together with an action against its insured.

62. As a result, Defendants ABC Insurance Companies are liable to Plaintiffs for the damages caused to them by Defendants or another tortfeasor.

## FIFTH CAUSE OF ACTION - DOES I-X

63. The allegations contained above are incorporated by reference as if again fully set forth herein.

64. Defendants DOES I-X caused damages to Plaintiffs through fault or negligence in violation of 31 L.P.R.A. §5141 or 31 L.P.R.A. §5142 via their employees, agents, or assignees.

65. Defendants DOES I-X are jointly and severally liable for the damages caused to Plaintiffs.

## DAMAGES

66. The allegations contained above are incorporated by reference as if again fully set forth herein.

67. As a result of the negligent acts or omissions of Defendants, MS. OSORIO-RAMOS has suffered physical, emotional, mental, and economic damages.

68. As a result of the negligent acts or omissions of Defendants MS. OSORIO-

RAMOS suffered physical, emotional, mental, and economic damages, including, but not limited to, the physical and emotional pain and suffering of her injured right eye, face, neck, shoulders, and back; frustrating attempts to seek medical care; reduced wages as a result of her inability to work; not being able to enjoy her regular hobbies; current, constant pain in her neck, shoulders and back; and not being able to perform regular household chores; as well as other physical, emotional, and mental damages.

69. As a result of the negligent acts or omissions of Defendants, MS. OSORIO-RAMOS suffered and continues to suffer debilitating pain in head, neck and back, to the extent that she has had to go to various health care providers for treatment.

70. Plaintiff initially went to several visits to an ACAA selected physician in Vega Baja, who prescribed pain medication and muscle relaxants.

71. As a result of the negligent acts or omissions of Defendants, MS. OSORIO-RAMOS had to seek treatment from a chiropractor, a neurologist, and a physiatrist in hopes of alleviating her physical pain.

72. As a result of the negligent acts or omissions of Defendants, MS. OSORIO-RAMOS, almost a year after the collision, still suffers from neck, head, right shoulder, and back pain, and continues to take medication for pain and spasms, such as Ibuprofen, Lidoderm patches, Ciclobenzadrine, among others.

73. As a result of the negligent acts or omissions of Defendants, MS. OSORIO-RAMOS has been unable to do her work as a freelance interpreter since the accident, which has caused total loss of wages and ensuing financial hardship on

her.

74. As a result of the negligent acts or omissions of Defendants, MS. OSORIO-RAMOS has been unable to do her routine activities and household chores, further adding to her hardship and impoverishing quality of life.

75. As a result of the negligent acts or omissions of Defendants, plaintiff still suffers from pain and discomfort, which makes sleeping difficult. Plaintiff can no longer use a pillow. Plaintiff's inability to sleep well, also leads to her being constantly fatigued, depressed and limiting her ability to enjoy her life.

76. As a result of the negligent acts or omissions of Defendants, MS. OSORIO suffered right eye trauma and an eye contusion causing it to tear for months after.

77. As a result of the negligent acts or omissions of Defendants, MS. OSORIO-RAMOS suffers from frequent headaches and neck pain, which render her unable to lead a normal, productive or enjoyable life.

78. As a result of the negligent acts or omissions of Defendants, MS. OSORIO-RAMOS had to undergo frequent and painful physical therapy sessions for approximately ten (10) months on a weekly basis, ranging from three times a week to twice a week and to once a week as the months wore on.

79. As a result of the negligent acts or omissions of Defendants, MS. OSORIO has incurred in substantial debt for treatment in Connecticut for her physical injuries, which has caused financial hardship on her.

80. As a result of the negligent acts or omissions of Defendants, MS. OSORIO can no longer work as an interpreter, which has caused her to lose wages in an amount no less than TEN THOUSAND DOLLARS ($10,000.00).

81. Plaintiff MARIA N. OSORIO-RAMOS's physical damages as a result of the temporary and permanent injuries sustained in the incident have a reasonable value of no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

82. Plaintiff MARIA N. OSORIO-RAMOS's physical pain and emotional damages as a result of the injuries sustained in the incident have a reasonable value of no less than ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

83. Plaintiff MARIA N. OSORIO-RAMOS's ongoing economic damages as a result of the injuries sustained in the incident have a reasonable value of no less than FIFTY THOUSAND DOLLARS ($50,000.00), an amount that continues to increase as she is unable to work due to her injuries from this automobile accident.

84. These are ongoing damages and will continue to accrue.

## TRIAL BY JURY DEMANDED

85. Plaintiffs hereby demand trial by jury.

86. **WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, in the amount of no less than **SIX HUNDRED SIXTY THOUSAND DOLLARS ($660,000.00)** plus costs incurred, reasonable attorneys' fees, and such other and further relief as to this Honorable Court may seem just and proper under the law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 3r day of March, 2017.

*Plaintiff's Counsel:*

**INDIANO & WILLIAMS, P.S.C.**
207 Del Parque Street, Third Floor
San Juan, P.R. 00912
Tel. (787) 641-4545; Fax (787) 641-4544
jeffrey.williams@indianowilliams.com
leticia.casalduc@indianowilliams.com
ileana.cardona@indianowilliams.com

*s/ Jeffrey M. Williams*
**JEFFREY M. WILLIAMS**
USDC PR BAR NO. 202414


*s/ Ileana C. Cardona Fernández*
**ILEANA C. CARDONA FERNANDEZ**
USDC PR BAR NO. 302610